UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
(Cedar Rapids Division)

| | | |
|---|---|---|
| MARK GRIFFIOEN,<br>JOYCE LUDVICEK,<br>MIKE LUDVICEK,<br>SANDRA SKELTON, and<br>BRIAN VANOUS,<br><br>Individually and on behalf of all others<br>similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>CEDAR RAPIDS AND IOWA CITY RAILWAY<br>COMPANY,<br>ALLIANT ENERGY CORPORATION,<br>UNION PACIFIC RAILROAD COMPANY,<br>UNION PACIFIC CORPORATION,<br>HAWKEYE LAND CO.,<br>HAWKEYE LAND II CO.,<br>HAWKEYE LAND NFG, INC.,<br>STICKLE ENTERPRISES, LTD.,<br>MIDWESTERN TRADING, INC.,<br>MIDWEST THIRD PARTY LOGISTICS, INC., aka<br>MIDWEST 3PL,<br>STICKLE GRAIN CO.,<br>STICKLE WAREHOUSING, INC.,<br>RICK STICKLE, and<br>MARSHA STICKLE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>[Formerly Linn County, Iowa,<br>Case No. LACV-78694] |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. section 1441(a) and 28 U.S.C. section 1331, Defendants Union Pacific Railroad Company and Union Pacific Corporation ("the Union Pacific Defendants"), by undersigned counsel, hereby notice the removal of this action to the

United States District Court for the Northern District of Iowa (Cedar Rapids Division). As grounds for removal, the Union Pacific Defendants state:

## BACKGROUND AND PROCEDURAL HISTORY

1. On June 7, 2013, Plaintiffs commenced this class action lawsuit against various Defendants by filing a Complaint in the District Court for Linn County, Iowa. (See Complaint, attached hereto in Exhibit A.) Plaintiffs' Complaint was assigned Case No. LACV-78694 (hereinafter, the "State Court Action").

2. The Union Pacific Defendants were served on June 10, 2013.

3. Plaintiffs' action centers around various claims for property damage arising out of the 2008 floods in Cedar Rapids, Iowa. The Union Pacific Defendants are alleged to have exacerbated flood damage to surrounding property by parking railcars on bridges over the Cedar River during the flood. This action is alleged to have had a damming effect on the river. (See, e.g., Complaint at ¶¶1-46.)

4. Against the Union Pacific Defendants, Plaintiffs make the following claims: strict liability under Iowa common law (Complaint at ¶¶80-83), strict liability under Iowa Code § 468.148 (Complaint at ¶¶84-89), strict liability under Iowa Code § 327F.2 (Complaint at ¶¶90-93), negligence (Complaint at ¶¶ 94-97), punitive damages (Complaint at ¶¶98-100), and piercing the corporate veil (Complaint at ¶¶101-107).

5. Plaintiffs also make additional claims against all Defendants: strict liability under Iowa common law (Complaint at ¶¶108-111), strict liability under Iowa Code § 468.148 (Complaint at ¶¶112-117), strict liability under Iowa Code § 327F.2 (Complaint at

¶¶118-121), negligence (Complaint at ¶¶122-125), and punitive damages (Complaint at ¶¶126-128).

6. The Union Pacific Defendants answered Plaintiffs' Complaint in Linn County on June 28, 2013. The Union Pacific Defendants served an Amended Answer on July 1, 2013 and it will be filed July 2, 2013. Defendants challenge personal jurisdiction as to Union Pacific Corporation.

7. Pursuant to 28 U.S.C. section 1446(a), a true and legible copy of all process, pleadings, and orders served in the State Court Action as of this date are attached hereto as **Exhibit A**.

## LAW AND ARGUMENT

8. Pursuant to 28 U.S.C. section 1331, federal courts have jurisdiction over matters that involve a federal question: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9. The issue of whether a federal court has removal jurisdiction over claims originally filed in state court must be determined from the face of the plaintiff's well-pleaded complaint as it stands at the time of removal. *M. Nahas & Co. v. First Nat'l Bank of Hot Springs*, 930 F.2d 608, 611 (8th Cir. 1991).

10. "[A] plaintiff's characterization of a claim as based solely on state law is not dispositive of whether federal question jurisdiction exists. In certain instances, the preemptive force of a federal statute is so complete that it transforms complaints styled as ordinary common-law claims into ones stating a federal claim." *Peters v. Union Pac. R.R.*

11. "Once an area of state law has been completely preempted, any claim based on that preempted state law claim is considered from its inception to raise a federal claim and therefore arises under federal law." *Cedarapids, Inc. v. Chicago, Central, & Pacific R.R. Co.*, 265 F.Supp.2d 1005, 1009 (N.D. Iowa 2003); *see also, Deford v. Soo Line R.R.*, 867 F.2d 1080, 1084 (8th Cir.) (holding that complete preemption "prohibits a plaintiff from defeating removal by failing to plead necessary federal questions in complaint"), *cert. denied*, 492 U.S. 927 (1989).

12. This case is ripe for removal because it involves federal questions with respect to track regulations, which are unique among railroad legislation and which completely preempt Plaintiffs claims.

**THIS CASE PRESENTS SIGNIFICANT QUESTIONS OF FEDERAL LAW WITH RESPECT TO FEDERAL TRACK SAFETY STANDARDS, 49 C.F.R. PART 213, WHICH PROVIDE FOR "COMPLETE PREEMPTION," MAKING REMOVAL APPROPRIATE.**

13. The Federal Railroad Administration ("FRA") has issued a comprehensive set of regulations governing track safety standards which Congress intends to be enforced uniformly throughout the Nation. *See, e.g.*, 49 U.S.C. § 20101 *et seq.*; 49 C.F.R. Part 213. As railroad operators, the Union Pacific Defendants are subject to various federal regulations which govern every aspect of railroad operations, including track, ballast, and bridge regulations. *See, e.g.*, 49 C.F.R. § 213.103 (setting requirements for the ballast component of the railroad track and roadbed).

14. State law claims for damages can be preempted by federal railroad law when the federal government has acted to "occupy the field" with respect to a particular aspect of railroad operations. Railroads are governed by federal regulation which operates

under both strict liability and negligence frameworks, and both act to preempt state law claims for personal injury and property damage in the vast majority of instances. *Kurns v. Railroad Friction*, 565 U.S. \_\_\_, 132 S.Ct. 1261 (2012) (state claim for asbestos exposure was preempted by Locomotive Inspection Act, 49 U.S.C. 20701, a strict liability statute governing locomotive standards); *Rooney v. City of Philadelphia*, 623 F.2d 644 (E.D. Penn 2009) (state claim for flood property damage was preempted by Track Safety Standards, 49 C.F.R. Part 213, federal regulations which use a "notice" standard).

15. State law duties of care are also preempted by federal law and regulations that occupy the field of a given railroad-related matter. *Kurns*, 132 S.Ct. at 1269-1271.

16. Track Safety Standards, which are codified at 49 C.F.R. Part 213, are regulations that so completely "occupy the field" that complete preemption is afforded, making federal question jurisdiction appropriate.

17. Under the regulatory scheme of Part 213, a railroad is not in violation of Part 213 *until it has notice* that the track is not in compliance with the requirements of Part 213 *and the railroad then fails to act*:

> **§213.5 Responsibility for compliance.**
> (a) Except as provided in paragraph (b) of this section, any owner of track to which this part applies who **knows or has notice** that the track does not comply with the requirements of this part, shall –
> (1) Bring the track into compliance;
> (2) Halt operations over that track; or
> (3) Operate under authority of a person designated under § 213.7(a), who has at least one year of supervisory experience in railroad track maintenance, subject to conditions set forth in this part.

49 C.F.R. § 213.5 (emphasis added).

18. The FRA recognizes that the notice standard, incorporated into 49 C.F.R. § 213.5, is unique among railroad regulation. This was a conscious decision made by the FRA based on the stark fact that the loads and weather conditions make it impossible for railroads to prevent track from sometimes falling out of compliance with Part 213 standards:

> Liability Standard
> The current track regulations are enforced against a track owner "who knows or has notice" that the track does not meet compliance standards. This knowledge standard is unique to the track regulations; other FRA regulations are based on strict liability. **The knowledge standard is founded on the notion that railroads cannot prevent the occurrence of some defects in track structures that are continually changing in response to the loads imposed on them by traffic and <u>effects of weather</u>**. Many defects may not be detected even when the track owner exercises reasonable care. Therefore, track owners should be held responsible only for those defects about which they know or should know. Today, even after years of track abandonments by major railroads, the industry is responsible for maintaining about 200,000 miles of track. Many defects occur suddenly in remote areas, making it difficult for even the most diligent track inspectors to keep pace with all defects as they happen.

FRA Report on Final Rule Action of 49 C.F.R. Part 213, 63 F.R. 33992-01 at 33995, 1998 WL 323079 (June 22, 1998) (emphasis added).

19. The Eighth Circuit has explained that the federal railway statutory scheme intended that there would be uniform national safety standards for the maintenance, repair and inspection of tracks:

> Congress passed the Federal Railway Safety Act (the Act) in 1970 to "promote safety in every area of rail operations," 49 U.S.C. § 20101, and authorized the Secretary of Transportation to make regulations and issue orders "for every area of railroad safety." 49 U.S.C. § 20103. The Secretary, acting through the Federal Railway Administration (FRA), prescribes comprehensive national track safety standards which address maintenance, repair, and inspection of tracks. 49 C.F.R. Part 213.

*Duluth, Winnipeg, and Pacific Railway Company v. City of Orr*, 529 F.3d 794, 795-796 (8th Cir. 2008). With respect to state laws that deal with the same subject matter as federal railroad law the court stated: "If a state law conflicts with or frustrates federal law, the state law generally is preempted." *Id.*, 529 F.3d at 797, citing *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 663 (1993); *see also* U.S. Const. art. VI.

20. The Eastern District of Pennsylvania has ruled at the issue of preemption with respect to track maintenance standards and alleged flood damage. *Rooney v. City of Philadelphia*, 623 F.2d 644 (E.D. Penn 2009). The court held that 49 C.F.R. Part 213 provides for express preemption of state regulation of track safety standards:

> Under 49 C.F.R. § 213.2, regulations relating to "Track Safety Standards" are given preemptive effect by essentially mirroring 49 U.S.C. § 20106. Section 213.2 provides:
>> [u]nder 49 U.S.C. § 20106, issuance of these regulations preempts any State law, regulation, or order covering the same subject matter, except an additional or more stringent law, regulation, or order that is necessary to eliminate or reduce an essentially local safety hazard; is not incompatible with a law, regulation, or order of the United States Government; and that does not impose an unreasonable burden on interstate commerce.
>
> The Federal courts that have considered whether FRSA preempts state law in similar contexts have uniformly found in favor of preemption.

*Id.*, 623 F.Supp.2d at 664-665 (citations omitted).

21. While the face of Plaintiffs' well-pleaded Complaint appears to only allege state causes of action, this is not dispositive as to whether federal question jurisdiction exists. *Cedarapids, Inc.*, 265 F.Supp.2d at 1009-1010. Plaintiffs in the instant matter have made various state law claims, including statutory claims, related to railroad operations on bridges. Plaintiffs claim damages under theories of strict liability (common law for abnormally dangerous operations) and negligence. Plaintiffs also claim damages under

Iowa Code § 468.148 (allowing damages against anyone who diverts, obstructs, or dams a drainage improvement) and § 327F.2 (requiring railroad companies to build, maintain, and repair bridges). These issues, at their heart, deal with the design, maintenance, and use of railroad track, ballast, and bridges – all topics that are covered under the track safety standards of 49 C.F.R. Part 213. Complete express preemption with respect to track safety standards, such as that described in *Rooney*, qualifies this case for removal under federal question jurisdiction. *See also Grantwood Village v. Missouri Pac. R.R. Co.*, 95 F.3d 654, 657 (8th Cir. 1996), *cert. denied*, 519 U.S. 1149 (1997).

## CONCLUSION

22. Removal is appropriate here based on the federal questions arising out of the complete preemption provided by 49 C.F.R. Part 213. The comprehensive federal regulatory scheme which covers the subject track construction or maintenance preempts Plaintiffs' state law claims based on alleged negligence and strict liability. To permit different state court juries across the nation to award damages against a railroads where the railroads would not be subjected to civil or monetary penalties by the FRA would hand over the administration of 49 C.F.R. Part 213 to "thousands of state and federal trial courts applying a federal common law and the common law of the 50 states would pose a grave threat to the national uniformity prescribed by the FRSA." *Giebel v. Union Pacific Railroad Company*, 2010 WL 1904921 at *7 (D.Minn., May 11, 2010).

23. Pursuant to 28 U.S.C. section 1441(a), any civil action over which the federal courts have original jurisdiction, but which is brought in state court, may be removed to

the district court of the United States that embraces the place where such action is pending. This removal is to the district court of the United States for the district and division that includes Linn County, Iowa, the place where the State Court Action is pending.

24. This Notice of Removal is filed within 30 days after the Union Pacific Defendants received notice of the Complaint. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. section 1446(b).

25. A Notice of Filing of Notice of Removal, attaching a copy of this Notice of Removal, is being filed on this date with the Clerk of the District Court for Linn County, Iowa, and is being served on Plaintiffs' counsel as required by 28 U.S.C. section 1446(d). A copy (without attachments) of the Notice of Filing of Notice of Removal filed in the State Court Action is attached hereto as **Exhibit B**.

26. Undersigned counsel represents the Union Pacific Defendants in this action and is authorized to state that the Union Pacific Defendants expressly consent to the removal of the State Court Action to this Court. Undersigned counsel also states that they have contacted attorneys for the other named co-defendants in this matter, and there is no objection to removal.

WHEREFORE, Defendants Union Pacific Railroad Company and Union Pacific Corporation respectfully request that this Notice of Removal be accepted and that the State Court Action be removed to the United States District Court for the Northern District of Iowa (Cedar Rapids Division).

Dated: July 2, 2013				Respectfully submitted,

                                                   **CUTLER LAW FIRM, P.C.**

                                                   By: /s/ Bruce E. Johnson
                                                         Bruce E. Johnson
                                                         AT0003859

                                                 1307 50th Street
                                                 West Des Moines, IA  50266
                                               Phone: (515)223-6600
                                               Fax: (515)223-6787
                                               bjohnson@cutlerfirm.com

                                               ATTORNEYS FOR DEFENDANT
                                             UNION PACIFIC RAILROAD COMPANY
                                             AND UNION PACIFIC CORPORATION

Copies to:

Sam Sheronick
Sam Sheronick Law Firm, P.C.
4125 Glass Road NE
Cedar Rapids, IA 52402

Eric Ratinoff
Kershaw, Cutter & Ratinoff, LLP
401 Watt Avenue
Sacramento, CA 95864

ATTORNEYS FOR PLAINTIFFS
AND ALL OTHERS SIMILARLY
SITUATED

John Devaney
Perkins Coie, LLP
700 13th Street NW
Washington, D.C. 20005

ATTORNEYS FOR CEDAR RAPIDS AND
IOWA CITY RAILWAY COMPANY, and
ALLIANT ENERGY CORPORATION

John McCright
Lynch Dallas Law Firm
P.O. Box 2457
526 Second Ave SE
Cedar Rapids, IA

ATTORNEYS FOR HAWKEYE LAND CO.,
HAWKEYE LAND II CO., HAWKEYE LAND
NFG, INC., STICKLE ENTERPRISES, LTD.,
MIDWESTERN TRADING, INC.,
MIDWEST THIRD PARTY LOGISTICS, INC.,
aka MIDWEST 3PL, STICKLE GRAIN CO.,
STICKLE WAREHOUSING, INC., RICK STICKLE,
and MARSHA STICKLE,

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon counsel of record for each party to the action at the respective addresses disclosed on the pleadings on ~~June~~ July 1, 2013.

By:  X U.S. Mail         __ FAX
     __ Hand Delivered   __ Overnight Courier
     __ Federal Express  __ Other

_C. Hendrickson_