UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

MARK GRIFFIOEN; JOYCE LUDVICEK;  )
MIKE LUDVICEK; SANDRA SKELTON;   )
and BRIAN VANOUS,                )    No. C13-0066 EJM
         Plaintiffs,        )
                                 )
vs.                              )
                                 )
CEDAR RAPIDS AND IOWA CITY       )    OPINION AND ORDER
RAILWAY COMPANY; ALLIANT ENERGY  )
CORPORATION; UNION PACIFIC RAILROAD )
COMPANY; UNION PACIFIC CORPORATION: )
HAWKEYE LAND CO.; HAWKEYE LAND II CC )
HAWKEYE LAND NFG, INC. STICKLE   )
ENTERPRISES, LTD.; MIDWESTERN TRADIN )
INC.; MIDWEST THIRD PARTY LOGISTICS, )
INC., a/k/a MIDWEST 3PL; STICKLE GRAIN )
CO.; STICKLE WAREHOUSING, INC.; RICK )
STICKLE; and MARSHA STICKLE,     )
                                 )
         Defendants.        )
                                 )

This matter is before the court on:

1. Plaintiffs' resisted Motion to Remand, filed July 30, 2013;

2. Defendant Union Pacific Corporation's resisted Motion to Dismiss for Lack of Personal Jurisdiction under Fed.R.Civ.Pro. 12(b)(2), filed August 14, 2013, and

3. Defendants' Union Pacific Railway Company and Union Pacific Corporation (collectively "Union Pacific") resisted Motion for Judgment on the Pleadings under Fed.R.Civ.Pro.12(c), also filed August 14, 2013;

Briefing concluded September 14, 2013. Motion to remand denied. Motion to dismiss for lack of personal jurisdiction denied as moot. Motion for judgment on the pleadings granted; case transferred, complaint dismissed.

1

In June 2008, the Cedar Rapids area sustained unprecedented flooding when the Cedar River crested to its highest level in history. Plaintiffs are five area landowners adversely affected by the flood. Plaintiffs' claims are that the defendant railroads placed joined railcars loaded with rock ballast upon tracks on various bridges in the area in anticipation of the flood to prevent the washing away of those tracks by the rising flood waters. This caused in some cases the underlying bridges to collapse, and other pled adverse effects, thereby exacerbating the effects of the flood. Union Pacific and the other railroads seek to have this dispute resolved by the Surface Transportation Board.

## MOTION TO REMAND

Plaintiffs, who pled only state law causes of action in state court, assert that the Federal Railway Safety Act (FRSA) 49 U.S.C. §20106 does not preempt state law claims and does not create federal question jurisdiction. Defendants maintain that a different federal statute, the Interstate Commerce Commission Termination Act of 1995, (ICCTA), 49 U.S.C. §§10501(b), 10102, does preempt the field, and vests "exclusive" jurisdiction over "transportation by rail carriers", including the operation of railroad "bridges" and "tracks", with the Surface Transportation Board (STB.)

The ICCTA mandates that "the remedies provided under this part with respect to rail transportation are exclusive and preempt the remedies provided under Federal or State law." 49 U.S.C. §10501(b). The cases are many and clear that the ICCTA preempts the field of interstate railroad regulation, and grants complete and exclusive jurisdiction over disputes of this type to the STB. <u>Kurns v. Railroad Friction Products</u>

Corp., 132 S.Ct. 1261, 1269 (2012) (tort claim for damages is a form of state regulation); City of Lincoln v. STB, 414 F.3d 858, 860-61 (8th Cir. 2005.)

Plaintiffs claim that the ICCTA does not apply here and does not preempt because it regulates only economic operations, citing Emerson v. Kansas City Southern Ry. Co., 503 F.3d 1126 (10th Cir. 2007) and Franks Inv. Co. LLC v. Union Pacific R. Co., 539 F.3d 404 (5th Cir. 2010). But in Emerson, the railroad was accused of improperly disposing of waste, and in Franks Inv. Co., the railroad was accused of refusing to provide access to a neighboring land owner, both not core railroad operational activities. Here, the parking of loaded cars on tracks to prevent them from washing away was a core operational activity, with ramifications on the continued operations of the network, governed by the ICCTA. Pere Marquette Hotel Partners, LLC v. U.S., No. 09-5921, 2010 WL 925297 (E.D. La. 2010); In re Katrina Canal Breaches Consolidated Litigation, 2009 WL 224072 (E.D.La. 2009).

Finally, the plaintiff argues that the ICCTA does not preempt because it provides no federal remedy, citing Fayard v. Northeast Vehicle Services, LLC, 533 F.3d 42 (1st Cir. 2008.) However Fayard on page 47 expressly stated that a remedy by a federal administrative agency, not just by a court, would meet this requirement.

Where a federal statutory scheme is so expansive that it shows congressional intent that federal law should completely occupy the ground, removal is proper, even if there is no diversity jurisdiction and no federal question cause of action. "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Metropolitan Life Ins. Co.

v. Taylor, 481 U.S. 58 at 63-64 (1987); also Bates v. Missouri & Northern Arkansas R. Co., Inc., 548 F.3d 634, 636 (8th Cir. 2008.)

As stated by the Eighth Circuit in Chapman v. Lab One, 390 F.3d 620, 625 (8th Cir. 2004), complete preemption exists "where the preemptive force of a federal statute is so extraordinary that it not only provides a federal defense to a state common-law claim, but also converts any state-law cause of action into a federal claim from its inception." Chapman, 390 F.3d at 629. Similarly, according to the Supreme Court in Beneficial Nat. Bank v. Anderson, 539 U.S. (2003):

> When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. This claim is then removable under 28 U.S.C. section 1441(b).

Since the ICCTA completely preempts plaintiffs' claims, this Court may exercise supplemental jurisdiction over plaintiffs' remaining claims. The Supreme Court "has long adhered to principles of pendent and ancillary jurisdiction by which the federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that 'derive from a common nucleus of operative fact,' such that 'the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case.'" City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 164-65, (1997) (quoting Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)). "Congress has codified those principles in the supplemental jurisdiction statute, which combines the doctrines of pendent and ancillary jurisdiction under a common heading. 28 U.S.C. §1367." Id. at 165. "The statute provides, 'in any civil action of which the district courts have original

4

jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" *Id.* (quoting 28 U.S.C. § 1367(a)). "That provision applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one of which the district courts . . . have original jurisdiction." *Id.* (quotation omitted); *see* 28 U.S.C. § 1441(a); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350-351 (1988) (discussing pendent claims removed to federal court). Thus, this court has jurisdiction over the entire case.

Next, plaintiffs' motion for remand asserts that not all defendants have timely consented to the removal. 28 U.S.C. §1446(b)(2)(A). Section (b)(2)(A) contains no timeframe for commencement or compliance

The "initial pleading" under 28 U.S.C. §1446(b)(1), the complaint filed in state court, was served on June 8, 2013. Notice of Removal was filed with this court on July 2, 2013, by the Union Pacific defendants, within the 30-day requirement of §1446(b)(1). The Notice of Removal noted "no objection to removal" by the other defendants. Defendants Alliant Energy and Cedar Rapids and Iowa City Railway Company filed their consent on July 10, 2013. After the motion for remand was filed on July 30, 2013, asserting the lack of consent by all defendants as a grounds for remand, the remaining defendants, the so-called "Stickle Defendants", filed their written consent to removal, on July 31, 2013.

Plaintiffs argue that the consent by the Stickle defendants was untimely, thus defeating removal jurisdiction. The relevant statute, 28 U.S.C. §1446, Procedure for

removal of civil actions, states in subsection (b)(1) that "notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant...of the initial pleading." Subsection (b)(2)(A) states that "all defendants who have been properly ...served must join or consent to the removal of the action." No time frame is provided for this. Subsection (b)(2)(B) provides 30 days after receipt of the initial pleading for one of many defendants to file the notice of removal. Thus, the 30-day requirements of subsections (b)(1) and (b)(2)(B) govern filing of the removal after filing of the "initial pleading", not filing of the consent after filing of the removal. Subsection (b)(2)(A) governs filing of the consent, but has no explicit timeframe. It also has no indication of what the event is which would start any such time frame running. This turns out to be the main question on this issue.

Certainly, the filing of the consent must be timely. The event for whatever timeframe exists for filing the consent to the removal must be the filing of the notice of removal, not the filing of the "initial pleading" (the state court complaint), as the plaintiffs assume. Co-defendants would have no way of knowing in advance if or when a co-defendant would file a notice of removal. Co-defendants can sometimes be adversarial, and harmonious communication and coordination cannot be assumed. For example, if the removing defendant waited until the thirtieth day to file its notice of removal, which is timely under §1446(b)(2)(B), then under plaintiffs' timeframe which starts the same 30-day clock for consent running at the same starting time as the clock to remove in the first place, co-defendants would have literally no time whatsoever to consent. This cannot be.

Filing the notice of removal and filing the notice of consent thereto occur in series, not in parallel. Therefore, any timeframe for the notice of consent must be initiated by the immediately prior filing of the removal, not by the twice-prior filing of the "initial pleading." Section 1446(b)(2)(A), which provides that all defendants must consent to removal, has no timeframe, though the subsections just before and after it, governing removal for a single defendant, subsection (b)(1), and for multiple defendants, subsection (b)(2)(B), each have a 30-day timeframe. Finding no actual timeframe mentioned in subsection (b)(2)(A), this court will use the 30-day timeframe from those neighboring sections for this case, which all parties here appear to adopt. See also §1447(c), which provides a 30-day timeframe for filing of the motion to remand after the filing of the notice of removal under 1446(a). Therefore, the July 31, 2013 filing of the Stickle defendants' notice of consent following the July 2, 2013 notice of removal is timely.

In addition, the Notice of Removal states that counsel for the Stickle defendants advised "no objection to removal." This was timely by any definition, and in writing, albeit by a co-defendant acting as agent. The court finds no significant difference between "no objection to removal" and consent to removal. These Stickle defendants had moved the state court for more time, due to lack of an attorney. There appears no prejudice caused by the slight untimeliness of the consent, if any.

Lastly, and perhaps most importantly, there is a strong federal statutory interest under the ICCTA in having the STB use its administrative expertise to resolve this matter, from an interstate perspective, and for the unity of precedent which that provides and preserves. If this case merely concerned a federal court versus a state

court resolving this matter, it would be a closer question. But here removal jurisdiction under the federal preemption doctrine is a necessary intermediate step to referring this case to the STB, where Congress deems it belongs. Protecting this strong substantive federal statutory interest, which is at the core of the federal courts' mission to protect, would seem to trump slight untimeliness (if any) in the filing of the last round of consents to removal, which were in fact filed later that same month. See Christiansen v. West Branch Cmty. School Dist., 674 F.3d 927, 933 (8th Cir. 2012.)

This court must follow the Eighth Circuit's ruling in Christiansen mandating a "disinclination to apply the unanimity requirement in a hyper technical and unrealistic manner." Either because the notation "no objection to removal" in the original notice of removal counts, or because the 30-day timeframe for filing consent to removal starts at the time of filing of that removal, and thus the Stickle's written consent is in fact timely, or because any slight untimeliness is outweighed under these facts, the court finds that there is effective complete consent by defendants to removal under §1446(b)(2)(A).

This court holds that the federal statutory scheme of the ICCTA for regulation of interstate railroads completely pre-empts state law in the field, and vests exclusive jurisdiction for this type of dispute against an interstate railroad with the STB. Accordingly, removal preemption jurisdiction exists and this case is removable under 28 U.S.C. §1441. The motion for remand shall be denied.

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant Union Pacific Corporation (UPC) moves for dismissal under Fed.R.Civ.Pro. 12(b)(2), lack of personal jurisdiction. This defendant is the parent corporation of and wholly owns co-defendant Union Pacific Railway Company, which does not challenge personal jurisdiction in this district. However, this motion is moot as the complaint shall be dismissed due to the exclusive jurisdiction of the STB.

## MOTION FOR JUDGMENT ON THE PLEADINGS

Similarly, and under the same reasoning that led to the finding of preemption removal jurisdiction due to the statutorily mandated exclusive jurisdiction of the STB, this court lacks subject matter jurisdiction to continue with this case due to the exclusive jurisdiction of the STB, and as such defendants Union Pacific's motion for judgment on the pleadings shall be granted. Under principles of pendent and ancillary jurisdiction, this case shall be dismissed for statistical purposes.

It is therefore

ORDERED

1. Motion to remand denied.
2. In the interest of judicial economy, this case is transferred to the Surface Transportation Board, Washington, D.C., for resolution of all remaining issues.
3. Motion for judgment on the pleadings granted; Complaint dismissed for statistical purposes.

4. Motion to dismiss for lack of personal jurisdiction by defendant UPC denied as moot.

September 18, 2013.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT